IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JONATHAN CORNELIUS GLENN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 126-026 |
| | ) | |
| LANEDRA JONES; PLENZIE M. THOMAS; | ) | |
| LA'SHANA WASHINGTON; and CURTIS | ) | |
| A. ANDRIES, | ) | |
| | ) | |
| Defendants. | ) | |

---

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in the above-captioned case. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984).

## I.    SCREENING THE COMPLAINT

### A.    BACKGROUND

Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows. Defendants "committed to the act of conversion and 1st Degree Forgery when they willingly signed documents without [Plaintiff's] consent and stole [Plaintiff's] land on a quitclaim deed." (Doc. no. 1, p. 4.) Two quitclaim deeds are attached to the complaint. (Id. at 6, 10.) The "original" quitclaim deed is dated April 25, 2015. (Id. at 6.) In it, Defendant Plenzie Jones "hereby quitclaims and transfers all right, title and interest held by [her]" in 507 Dupont Street to Plaintiff. (Id.) The "fake" quitclaim deed is dated April 9, 2021. (Id. at 10.) In it, Plaintiff purportedly quitclaimed the same property to

Defendant Plenzie Thomas and Bobby Thomas, who is not named in this suit. (Id.) Defendants Lanedra Jones and La'Shana Washington are listed as witnesses to the "fake" quitclaim deed. (Id. at 11.) Also attached to the complaint is a Richmond County Sheriff's Office case report dated August 15, 2024, which shows Plaintiff stated to police that Defendant Plenzie Thomas forged his name to the "fake" quitclaim deed. (Id. at 14-15.) Plaintiff notes all parties are Georgia citizens. (Id. at 3.) Nowhere in his complaint does he reference or explain Defendant Curtis Andries' role in the events, beyond listing him as a defendant. (See generally id.) For relief, Plaintiff seeks the title to the subject property, 507 Dupont Street, and another property, 509 Dupont Street, in Augusta, Georgia; injunctive relief in the form of banning Defendants from the property; and $75,000.00. (Id. at 4.)

### B.    DISCUSSION

#### 1.    Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual

2

allegations must be enough to raise a right to relief above the speculative level." Twombly, 550

U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed

factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me

accusation."  Iqbal, 556 U.S. at 678.  The complaint is insufficient if it "offers 'labels and

conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked

assertions' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 555,

557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w]

that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them

to a more lenient standard than those drafted by an attorney.  Erickson v. Pardus, 551 U.S. 89, 94

(2007); Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, this liberal construction does not

mean that the court has a duty to re-write the complaint.  Snow v. DirecTV, Inc., 450 F.3d 1314,

1320 (11th Cir. 2006).

### 2.    Federal Subject Matter Jurisdiction

"[B]ecause a federal court is powerless to act beyond its statutory grant of subject

matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should

itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt

about jurisdiction arises."  Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).  Federal

courts must always dismiss cases upon determining that they lack subject matter jurisdiction,

regardless of the stage of the proceedings.  Goodman *ex rel*. Goodman v. Sipos, 259 F.3d 1327,

1331 n.6 (11th Cir. 2001).  To invoke the jurisdiction of the Court, a plaintiff must properly

"allege the jurisdictional facts, according to the nature of the case."  McNutt v. Gen. Motors

Acceptance Corp., 298 U.S. 178, 182 (1936).

"A federal district court must have at least one of three types of subject matter

3

jurisdiction:  (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).  Under 28 U.S.C. § 1332, diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000.  The party asserting jurisdiction has the burden of establishing that their cause lies within this limited grant of jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

The complaint is devoid of any federal claim or cause of action and attempts to bring state law claims arising out of a Georgia title dispute, for which there is no federal jurisdiction. See O.C.G.A § 16-9-1; see also Vatacs Grp., Inc. v. U.S. Bank, N.A., 738 S.E.2d 83, 84-85 (Ga. 2013) (discussing issue of forged quitclaim deed for real estate property located in Georgia as matter of Georgia law); Cross v. State, 176 S.E.2d 517, 518-19 (Ga. Ct. App. 1970) (explaining forgery and counterfeiting are state law issues if resulting in private wrong and "not an offense committed directly against the Federal Government"); Ellis v. Warner, No. 15-10134-CIV, 2017 WL 634287 *19 (S.D. Fla. Feb. 16, 2017) (describing forgery as an issue of Florida state law); Bo Phillips Co. v. R.L. King Props., LLC, 783 S.E.2d 445, 449 (Ga. Ct. App. 2016) (reciting elements of conversion under Georgia law).

"In order to determine whether the claim arises under the Constitution or laws of the United States, we look to the complaint unaided by anticipated defenses and with due regard to the real nature of the claim."  Mobil Oil Corp. v. Coastal Petrol. Co., 671 F.2d 419, 422 (11th Cir. 1982).  Here, although Plaintiff checked "Federal question" as the basis for jurisdiction, the real nature of Plaintiff's claim are state law claims regarding private property and actions located entirely in Georgia, and Plaintiff supplies no other facts suggesting a federal question.

Nor has Plaintiff pleaded the necessary facts for diversity jurisdiction. He alleges all parties are residents of Georgia. (See doc. no. 1, p. 3.) Because Plaintiff has failed to plead any facts demonstrating Plaintiff is entitled to invoke the jurisdiction of the federal courts, the complaint should be dismissed.

## II.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** for lack of subject matter jurisdiction and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 20th day of February, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA